OPINION
{¶ 1} Defendant-appellant, Jeremiah Allen Wagner, appeals his drug trafficking conviction in the Clermont County Court of Common Pleas. We affirm the conviction.
 {¶ 2} Appellant was indicted on multiple charges of drug trafficking after offering to sell crack cocaine to a confidential police informant. He subsequently pled guilty to one count of trafficking in cocaine, a violation of R.C. 2925.03(A). The trial court accepted appellant's plea after determining that it was knowingly and voluntarily made. At his sentencing hearing, appellant made an oral motion to withdraw his guilty plea, alleging that he was coerced into making the plea, was not fully apprised of the state's evidence against him, and was apprehensive about proceeding under the plea. The trial court granted an immediate hearing on the motion. At the conclusion of the hearing it denied the motion and proceeded to sentence appellant accordingly. He appeals, raising a single assignment of error in which he argues that the trial court abused its discretion by overruling the motion to withdraw his guilty plea.
 {¶ 3} As an initial matter, the state contends that the trial court's oral denial of appellant's motion to withdraw his plea is not a final, appealable order because the trial court failed to journalize an entry reflecting its decision. Prior to the pronouncement of sentence, an order of the trial court overruling a defendant's motion to withdraw guilty plea is interlocutory in nature and is not a final, appealable order. State v. Chamberlain (1964), 177 Ohio St. 104 at syllabus. Rather, in a criminal prosecution, the sentencing entry represents the final disposition and is generally the first appealable order. Id. While the better practice for the trial court would be to journalize a written entry ruling on the motion, a reviewing court, when faced with a silent record, will presume that any outstanding motions at the conclusion of the proceeding have been overruled. See State v. Goff, Clinton App. No. CA2000-05-014, 2001-Ohio-4215; State v. Linder (Nov. 23, 1994), Cuyahoga App. No. 66549. This conclusion is confirmed by review of the transcript of the sentencing hearing at which the trial court orally overruled appellant's motion.
 {¶ 4} Generally, a motion to withdraw a guilty plea, filed before sentencing, "should be freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527. Nevertheless, a defendant does not have "an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. When a trial court denies a presentence motion to withdraw a guilty plea, appellate review is limited to a determination of whether the trial court abused its discretion. Id.; State v. Fluckiger (June 13, 1994), Butler App. No. CA94-02-041. More than an error of law or judgment, an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Xie at 527, citing State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 5} Upon careful review of the record, we find no abuse of discretion in the trial court's denial of appellant's motion to withdraw his guilty plea. There is no evidence that the trial court, in its consideration of appellant's motion to withdraw the plea, failed to fully and fairly consider appellant's motion. Appellant was given an opportunity to address the court with regard to the motion and failed to establish any reasonable and legitimate basis upon which his motion was based. In support of his motion, appellant stated:
 {¶ 6} "I took the plea under circumstances, incarcerated and under certain circumstances, and I took the plea and none of this is working out for me[.] * * * I was incarcerated and willing to do anything to get out of jail. It's really kind of pretty much my fault, and I felt like I was being pressured into it and all that and everything else. So I don't feel comfortable with being sentenced today."
 {¶ 7} While appellant further alleged that he was not informed of the facts supporting the case against him, his attorney stated that he had divulged to appellant everything that was provided in discovery and that the case against appellant was clearly conveyed to appellant.
 {¶ 8} In overruling the motion, the trial court observed that appellant made his motion on the day of sentencing, after reviewing the recommendations of the presentence investigative report. In spite of his allegations of coercion, appellant could point to no coercive behavior which induced him to plead guilty. Rather, the trial court concluded that appellant's motion was based on his remorse after reviewing the presentence investigative report and learning what his likely sentence would be.
 {¶ 9} The trial court allowed appellant to present his motion, fully considered it, and concluded that there was no reasonable or legitimate basis to allow appellant to withdraw his plea. Our review of the record reveals that this conclusion does not constitute an abuse of discretion. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.